NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUN 22 2016

FOR THE NINTH CIRCUIT

SHAOPING HOU,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

No. 14-73339

Agency No. A089-803-347

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Shaoping Hou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency as to the reason for Hou's second IUD, the omission from Hou's declaration of family planning policy enforcement actions against her, and an inconsistency as to where she attended house church meetings in China. *See id*. at 1046-47 (although inconsistencies no longer need to "go to the heart" of the claim under the REAL ID Act, where an inconsistency does go to the heart of the claim, "it doubtless is of great weight"); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility finding supported by substantial evidence when subsequently added details told a much different, more compelling story of persecution). Hou's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Hou's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Hou's CAT claim also fails because it is based on the same testimony the

2                                                                    14-73339

agency found not credible, and Hou does not point to any evidence that compels the conclusion that it is more likely than not she would be tortured if returned to China. *See id*. at 1156-57.

Finally, Hou's motion to hold this case in abeyance is denied.

**PETITION FOR REVIEW DENIED.**